# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:25-CV-454-BO

BRITTANY MONET BAINES,     )
    )
        Plaintiff,     )
    )
       v.     )         **ORDER and**
    )         **MEMORANDUM AND**
EQUIFAX, INC., EXPERIAN     )         **RECOMMENDATION**
INFORMATION SOLUTIONS, INC., AND     )
TRANSUNION,     )
    )
        Defendants.     )

This matter is before the court on the motion by defendant Equifax, Inc. ("Equifax") to dismiss plaintiff's complaint, or in the alternative motion for more definite statement ("motion to dismiss") [DE-12].[1] Also before the court are the following motions by plaintiff Brittany Monet Baines ("plaintiff"): (i) motion for expedited review and relief [DE-4] ("motion to expedite"); (ii) motion to expedite entry of default [DE-17]; (iii) motion for leave to file surreply [DE-21]; (iv) motion for expedited ruling [DE-22]; and (v) motion for entry of default (renewed) [DE-27] ("renewed motion for entry of default").[2] These matters were referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A).

---

[1] Equifax's motion to dismiss [DE-12] is accompanied by a separate memorandum in support thereof (see [DE-12] at 3-14); however, the memorandum was filed in the same docket entry as the motion to dismiss (*see id.*). Accordingly, Equifax failed to comply with Section V.E.1(b) of the court's Electronic Case Filing Administrative Policies and Procedures Manual, and, by extension, Local Civil Rule 5.1(a)(1). In the interest of judicial economy, the court will not require Equifax to refile its motion and memorandum as separate docket entries. At the same time, future failures by any party to follow the Local Civil Rules may result in sanctions, including denial of the motion or an award of attorney's fees.

[2] Also referred to the undersigned are the following motions: (i) plaintiff's motion to clarify status, request final ruling without hearing, waive discovery and asset rights to timely judicial relief [DE-24]; (ii) defendant Transunion, LLC's ("Transunion") motion to dismiss [DE-30]; and (iii) plaintiff's motion to strike defendant's motion to dismiss [DE-36]. These motions will addressed by separate order and/or memorandum and recommendation as appropriate.

For the reasons stated below, (i) plaintiff's motion to expedite [DE-4] is DENIED AS MOOT; (ii) plaintiff's motion for leave to file surreply [DE-21] is GRANTED; and (iii) plaintiff's motion for expedited ruling [DE-22] is DENIED AS MOOT.

Also for the reasons stated below, the undersigned RECOMMENDS that: (i) Equifax's motion to dismiss plaintiff's complaint, or in the alternative motion for more definite statement [DE-12] be DENITED AS MOOT WITHOUT PREJUDICE; (ii) plaintiff's motion to expedite entry of default [DE-17] be DENIED; and (iii) plaintiff's renewed motion for entry of default [DE-27] be DENIED.

## I. ORDER

### A. Plaintiff's Motion to Expedite [DE-4]

On July 29, 2025, plaintiff filed a motion to expedite, seeking "expedited review and relief pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's inherent authority to manage its docket." [DE-4] at 1. As the undersigned finds the pleadings in plaintiff's complaint deficient for the reasons discussed below, and such deficiencies frustrate further progress in this case until plaintiff files an amended complaint as recommended below, plaintiff's motion to expedite [DE-4] is DENIED AS MOOT.

### B. Plaintiff's Motion for Leave to File Surreply [DE-21]

On September 8, 2025, plaintiff filed a motion for leave to file a surreply in furtherance of her opposition to defendant Equifax's motion to dismiss [DE-21] and attached her surreply as an exhibit [DE-21-1]. The Local Civil Rules generally do not provide for the filing of sur-replies. *See* Local Civil Rule 7.1(g)(1). Nevertheless, the undersigned will allow plaintiff's motion to file a surreply because consideration of plaintiff's surreply [DE-21-1] does not change the outcome of

2

the analysis below.  Accordingly, plaintiff's motion for leave to file a surreply [DE-21] is GRANTED.

**C.      Plaintiff's Motion for Expedited Ruling [DE-22]**

On September 8, 2025, plaintiff filed a motion for an expedited ruling [DE-22] on Equifax's motion to dismiss [DE-12].  In the motion, plaintiff also indicates her intent to seek sanctions if Equifax does not withdraw or amend its motion to dismiss.  *See* [DE-22] at 1.  As the undersigned submits the instant memorandum and recommendation on Equifax's motion to dismiss [DE-12], plaintiff's motion for expedited ruling is moot.  Additionally, while plaintiff is free to file any motion pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules, the undersigned has not observed any aspects of Equifax's motion to dismiss [DE-12] highlighted by plaintiff, which would warrant sanctions.  Accordingly, plaintiff's motion for expedited ruling [DE-22] is DENIED AS MOOT.

## II.  MEMORANDUM AND RECOMMENDATION

**A.      Equifax's Motion to Dismiss [DE-12]**

**1.      Relevant procedural background**

On July 29, 2025, plaintiff, proceeding *pro se*, filed a complaint [DE-1] against defendants Equifax, Experian Information Solutions, Inc. ("Experian"), and Transunion (collectively with Equifax and Experian, the "defendants"), together with a motion for leave to proceed *in forma pauperis* [DE-2].

On August 25, 2025, Vincent Mark Smolcynski entered a Notice of Appearance on behalf of Equifax [DE-10], and Equifax filed the instant motion to dismiss and supporting memorandum [DE-12].  On August 29, 2025, plaintiff filed a response in opposition [DE-18] to Equifax's motion

to dismiss, as well as a document entitled "Clarification Statement Regarding American Credit Acceptance, Carrington Mortgage Services, and the Credit Reporting Agencies' Failure to Investigate or Correct Disputed Tradelines" [DE-19].

On September 5, 2025, defendant Equifax file a reply to plaintiff's response in opposition. [DE-20]. On September 8, 2025, plaintiff filed a motion for leave to file a surreply in furtherance of her opposition to Equifax's motion to dismiss [DE-21] and attached her surreply as an exhibit [DE-21-1]. Above, the court granted plaintiff's motion [DE-21], and has considered plaintiff's surreply [DE-21-1] accordingly.

## 2. Plaintiff's Complaint

The factual allegations underlying plaintiff's complaint [DE-1] read in their entirety as follows:

> Plaintiff brings this action under the Fair Credit Reporting Act [("FCRA")] for the [d]efendants' willful and negligent failures to ensure the accuracy of credit information, conduct reasonable investigations upon dispute, and correct or delete inaccurate or incomplete information. Plaintiff submitted disputes multiple times between July 2024 and July 2025 regarding false tradelines, unlawful reinsertion of data, and suppression of score corrections. Defendants continued to report false data supplied by third parties without verification, harming Plaintiff's ability to obtain affordable credit, accurate housing assessments, and financial opportunities. Each Defendant failed to flag disputed data, refused proper correction, and enabled ongoing reputational and economic harm.

*Id.* at 4.

Plaintiff asserts federal question jurisdiction as the jurisdictional basis of her federal claims and lists the following federal statutes at issue: 15 U.S.C. §§ 1681e(b), 1681i, 1681s-2(b), 1681n, and 1681o. *Id.* at 3. Plaintiff seeks the following relief: "(1) $30,000 in actual damages across all agencies for documented economic harm, (2) $75,000 in punitive damages per [d]efendant for willful noncompliance under 15 U.S.C. § 1681n, and (3) full deletion of all disputed tradelines that

4

remain unsupported by Metro 2 compliance, reinvestigation documentation, or verified consent." *Id.* at 5. Additionally, plaintiff seeks "injunctive relief, court costs, and any further relief the Court deems just and proper." *Id.*

### 3. Applicable law

#### a. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim entitling [them] to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.*; *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) ("[I]t is not our task at the motion-

to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015))), *as amended on reh'g in part* (Oct. 29, 2015).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (noting that the court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards*, 178 F.3d at 244. Yet bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 680-81.

Complaints filed by pro se plaintiffs are entitled to liberal construction. *Kerr v. Marshall Univ. Bd. of Governors,* 824 F.3d 62, 72 (4th Cir. 2016) ("We are mindful of our obligation to liberally construe a pro se complaint."); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989) ("Pro se complaints are to be read liberally").

### b. Rule 12(e)

Pursuant to Rule 12(e), a party may "move for a more definite statement of a pleading . . . [if such pleading] is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also* 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 1376 (3d ed.) ("[T]o withstand a motion under Rule 12(e) a pleading must be sufficiently intelligible for the district court to be able to make out one or more

6

potentially viable legal theories on which the claimant might proceed.").

A motion for more definite statement should be denied "when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer." *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . .; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought . . ." Fed. R. Civ. P. 8(a)(1)-(3).

### 4. Analysis

Equifax argues that "plaintiff's complaint is an impermissible shotgun pleading." [DE-12] at 6. Specifically, Equifax contends that

> [n]o facts are plead[ed] by which Equifax could decipher which tradelines are allegedly false, what data was unlawfully reinserted, or what "score corrections" refers to. Nor is there any explanation of what data is disputed, why it should be flagged, what constitutes proper correction, or how any of these insufficiently pled allegations enabled any sort of harm.

*Id.* at 7.

Equifax also contends that while plaintiff "claims Equifax failed to 'ensure the accuracy of credit information' . . . the [c]omplaint fails to specifically describe what was allegedly inaccurate about the information on her credit file." [DE-12] at 6.

Plaintiff responds that she "has submitted clear, factual documentation demonstrating both injury and standing under the [FCRA], including Exhibits, Judicial Notice, and Docket 8-1" and that "[d]efendant's claim that [p]laintiff failed to state a claim is contradicted by the record." [DE-18] at 1.

The undersigned agrees with Equifax that based on the limited and conclusory allegations contained in plaintiff's complaint [DE-1], plaintiff fails to state a claim for relief upon which relief can be granted. Plaintiff's complaint [DE-1] does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and represents the type of "labels and conclusions," devoid of "further factual enhancement," which the Supreme Court has found insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff directs the court to "Exhibits, Judicial Notice, and Docket [8-1]." [DE-18] at 1. Docket Entry 8 [DE-8] represents a "Judicial Notice of FCRA Violations by Credit Reporting Agencies – CMS and ACA Only" followed by 72 pages of exhibits, including what appears to be copies of Plaintiff's FICO 3-Bureau Report ([DE-8-1] at 3-37); Consumer Financial Protection Bureau complaints (*id.* at 38-65); an "Amended Damages Statement" (*id.* at 66); and a document entitled "Certificate of Service" [DE-8-2].

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; 'importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (alterations in original) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, "when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth *in the complaint* and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (emphasis added) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Plaintiff does not attach any

8

substantive exhibits to her complaint related to her claims. *See* [DE-1]. Additionally, the undersigned does not find that plaintiff incorporates any subsequently filed exhibits into her complaint by reference or otherwise. *See Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) ("Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, on a motion to dismiss.") (citing *Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011)).

The Fourth Circuit has made clear that a plaintiff may not assert "new facts and allegations" in a response in opposition to a motion to dismiss if such matters were available to the plaintiff at the time the complaint was filed but were not contained in the relevant complaint. *Marks v. Dann*, 600 F. App'x 81, 89 (4th Cir. 2015); *see also JTH Tax, Inc. v. Williams*, 310 F. Supp. 3d 648, 653 (E.D. Va. 2018) (rejecting "Plaintiff's attempt to raise new legal theories of liability and allege new facts that were not contained in the Amended Complaint" in response to a motion to dismiss). Accordingly, plaintiff's references to the "record" and "clear, factual documentation" ([DE-18] at 1) cannot cure a complaint, which fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

Pursuant to Federal Rule of Evidence 201(b), "the district court may judicially notice a fact that is not subject to reasonable dispute when it is either (1) generally known within the district court's jurisdiction, or (2) can be readily determined from an indisputably accurate source." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977). Plaintiff appears to ask this court in a subsequent filing

9

to take "Judicial Notice of FCRA Violations by Credit Reporting Agencies." [DE-8] at 1. Yet whether any of the defendants violated the FCRA is a judicial determination, which must be made when such question is reached at an appropriate posture, but is not a matter of which the court may take judicial notice. *Corbitt v. Balt. City Police Dep't*, 675 F. Supp. 3d 578, 587 (D. Md. 2023) ("[A] court should not take judicial notice of 'any specific factual finding, legal reasoning, or legal conclusion' from another case, as it would be 'inappropriate under Federal Rule of Evidence 201(b).'") (quoting *United States v. Daley*, 378 F. Supp. 3d 539, 546 (W.D. Va. 2019)).

"Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment" and "[t]his conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery," which the parties have not yet in this case. *See Zak*, 780 F.3d at 606 (*citing E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Furthermore, even if the exhibits in question had been attached to plaintiff's original complaint, "a plaintiff's filing of exhibits does not absolve the party of the requirement to make a 'short and plain statement' of her claims, supported by 'simple, concise, and direct' allegations."[3] *Shing v. Ctrs. for Medicare & Medicaid Servs.*, No. 24-cv-3021-ABA, 2025 LX 360584, at *6-7 (D. Md. Aug. 26, 2025) (first citing Fed. R. Civ. P. 8(a)(2)), (then citing Fed. R. Civ. P. 8(d)(1)).

While not entirely clear, it appears that plaintiff may have intended to amend her complaint or seek leave to amend her complaint through various of her filings, including "Judicial Notice of FCRA Violations by Credit Reporting Agencies – CMS and ACA Only" [DE-8]; "Notice of

---

[3] "A court may . . . consider exhibits at the motion to dismiss stage when they are 'integral to and explicitly relied on in the complaint' and authenticity is not disputed." *Misjuns v. City of Lynchburg*, 139 F.4th 378, 384 (4th Cir. 2025) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Yet plaintiff does not attach any substantive exhibits to her complaint related to her claims. *See* [DE-1].

10

Clarification Regarding Defendant Name" [DE-16]; "Plaintiff's Clarification Statement Regarding American Credit Acceptance, Carrington Mortgage Services, and the Credit Reporting Agencies' Failure to Investigate or Correct Disputed Tradelines" [DE-19]; and "Plaintiff's Supplemental Judicial Notice of Material Post-Filing Facts" [DE-35].

The Federal Rules of Civil Procedure and the Local Civil Rules contemplate that a party may amend its pleading once as a matter of course or otherwise with leave of the court. *See* Fed. R. Civ. P. 15(a) (noting that unless a pleading is filed once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or *the court's leave*") (emphasis added); Local Civil Rule 15.1(a) ("A party moving to amend a pleading shall attach *to the motion* . . ."). Plaintiff's "notices" do not clearly represent an amended complaint or a motion to amend. *See Newton v. Florida*, 895 F.3d 1270, 1278 (11th Cir. 2018) ("[F]or their request for leave to be legally efficacious, the [relevant] motion must have set forth sufficiently the substance of Plaintiffs' proposed amendment."). The Federal Rules of Civil Procedure provide that, in general, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Such a motion must: "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1).

As plaintiff's filings were not clearly presented as an amended complaint or a motion to amend, Equifax was reasonable in not considering allegations in any such filings in its motion to dismiss. *See* [DE-12]; *see Walker v. SSA*, No. 2:21-cv-01352-RFB-BNW, 2021 U.S. Dist. LEXIS 269975, at *3-4 (D. Nev. July 20, 2021) ("If Plaintiff chooses to file an amended complaint, the document must be titled 'Amended Complaint' . . . [a]lthough the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's

11

claims against it and Plaintiff's entitlement to relief.").

At the same time, the Fourth Circuit has noted that pro se litigants have an "untutored hand requiring special judicial solicitude" and that pro se "litigants with meritorious claims should not be tripped up in court on technical niceties." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277–78 (4th Cir. 1985).

In sum, the deficiencies in plaintiff's complaint [DE-1] would subject this pleading to dismissal for failure to state a claim.[4] Yet "a party may amend its pleading . . . with . . . the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rather than dismiss the complaint, it is RECOMMENDED that plaintiff be granted leave to file one consolidated amended complaint, providing a "short and plain statement of her claims, supported by simple, concise, and direct allegations" as further provided below. *Shing*, No. 24-cv-3021-ABA, 2025 LX 360584, at \*6-7 (internal citations and quotation marks omitted). It is further recommended that the court consider any such amended complaint to supersede all previous complaints, notices or other filings that plaintiff may have intended to represent amended complaints, or motions to amend her complaint. "Plaintiff is advised that an amended complaint is a single document that must stand on its own without reference to any other pleading and include all claims against all defendants and his requested relief." *See Johnson v. Hart*, No. 25-CV-00058-SPM, 2026 LX 22409, at \*9 (S.D. Ill. Jan. 8, 2026). Moreover, while plaintiff is not prohibited from attaching exhibits to her amended complaints, the court is not "required to scour through [a *pro se* plaintiff's] attachments in an attempt to cobble together the facts that could support" plaintiff's claims. *Campbell v. StoneMor Partners, LP*, Civil Action No. 3:17-CV-407, 2018 U.S.

---

[4] As the undersigned finds plaintiff's complaint to fail to state a claim for the reasons discussed herein, the undersigned does not consider the other arguments in Equifax's motion to dismiss [DE-12].

Dist. LEXIS 119494, at \*10 (E.D. Va. July 17, 2018); *see also Walker v. Prince George's County*, 575 F.3d 426, 429 n.\* (4th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

In light of the above recommendation that plaintiff be granted leave to amend her complaint, the undersigned RECOMMENDS that Equifax's motion to dismiss plaintiff's complaint, or in the alternative motion for more definite statement [DE-12] be DENIED AS MOOT WITHOUT PREJUDICE.

**B.**    **Plaintiff's Motion to Expedite Entry of Default [DE-17] and Renewed Motion for Entry of Default [DE-27]**

**1.**    **Relevant procedural background**

As noted above, plaintiff, proceeding *pro se*, filed a complaint [DE-1] against defendants on July 29, 2025, together with a motion for leave to proceed *in forma pauperis* [DE-2].

On August 5, 2025, plaintiff filed a Notice of Service [DE-6], that included (i) an executed purported proof of service form AO 440 for each defendant (*id.* at 3, 6, 9), representing that plaintiff personally mailed a summons to each defendant, and (ii) a copy of the priority mail labels for each defendant (*id.* at 4-5, 7-8, 10-11).

On August 8, 2025, the court denied plaintiff's application to proceed without prepayment [DE-9] and stated "[p]laintiff may tender to the clerk the filing fee of $405.00 not later than September 8, 2025." *See* [DE-9] at 2. On August 28, 2025, plaintiff paid the $405.00 filing fee in this matter. *See* public docket entry dated August 28, 2025. Also on August 28, 2025, the clerk of court issued summonses in this matter as to all defendants. [DE-15]. On August 29, 2025, plaintiff filed a motion to expedite entry of default against defendants Experian and Transunion. [DE-17]. On September 26, 2025, plaintiff filed a renewed motion for entry of default. [DE-27].

On October 30, 2025, plaintiff also filed a notice of readiness for entry of default against defendants TransUnion and Experian. [DE-34].

As of the date of this memorandum and recommendation, plaintiff has not filed a server's affidavit subsequent to the issuance of summonses by the clerk of court. *See generally* Docket, *Baines v. Equifax, Inc. et al*, 5:25-CV-454-BO-BM (E.D.N.C.).

### 2.      Applicable law

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Nevertheless, "[i]t is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default . . . may be entered against a defendant." *Dingle v. Baggett*, No. 5:19-CV-425-D, 2020 WL 4342212, at *2 (E.D.N.C. July 28, 2020) (second alteration in original) (quoting *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996)); *see also Hinson-Gribble v. United States Off. of Pers. Mgmt.*, No. 5:16-CV-70-FL, 2018 WL 4016302, at *2 (E.D.N.C. Aug. 22, 2018). "The plaintiff bears the burden of establishing that service of process was effective." *Dingle*, 2020 WL 4342212, at *2 (citing *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 261 (D. Md. 2015)).

Rule 4 of the Federal Rules of Civil Procedure provides the requirements for a party to effect proper service. *See* Fed. R. Civ. P. 4. Under Rule 4, the summons must be issued to plaintiff for service by the clerk of court bearing the clerk's signature and seal. Fed. R. Civ. P. 4(a)(1)(F)-(G), (b); *see also Guess v. Daniel Coble As Richland Cnty. Cir. Court*, No. 3:24-68-MGL-PJG, 2024 U.S. Dist. LEXIS 152864, at *4 (D.S.C. July 11, 2024) (finding that plaintiff failed to show

14

that he served defendants where "Guess shows that he sent a copy of the Complaint by certified mail to each defendant, but he did so prior to the Clerk of Court's issuance of the summons."). "Unless service is waived, proof of service must be made to the court," and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). Additionally, the Federal Rules of Civil Procedure provide that service must be effectuated by "a person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). This court has repeatedly found that the prohibition on a party personally effectuating service prevents a plaintiff from "personally placing the summons and complaint in the mail." *See Locust v. Stroud*, No. 4:17-CV-110-D, 2017 U.S. Dist. LEXIS 193091, at \*2 (E.D.N.C. Nov. 21, 2017); *Reliastar Life Ins. Co. v. Laschkewitsch*, No. 5:13-CV-210-BO, 2014 U.S. Dist. LEXIS 51214, at \*6 (E.D.N.C. Apr. 13, 2014) ("[A] plaintiff . . . may not effectuate service by sending a copy of the summons and complaint through certified mail.") (citation omitted); *Kelley v. Enviva, LP*, No. 7:13-CV-197-BO, 2014 U.S. Dist. LEXIS 44600, at \*3-4 (E.D.N.C. Mar. 31, 2014) (same quote as *Reliastar*); *see also Mixon v. Page*, No. 3:23-CV-00180-FDW-SCR, 2023 U.S. Dist. LEXIS 111783, at \*5 (W.D.N.C. June 27, 2023) ("Thus, a plaintiff—even one proceeding pro se—may not effectuate service herself by sending a copy of the summons and complaint through certified mail.") (quoting *Ospina Baraya v. Ospina Baraya*, No. 3:21-CV-00640-FDW-DSC, 2022 U.S. Dist. LEXIS 138507, 2022 WL 3129590 (W.D.N.C. Aug. 4, 2022)).

### 3. Analysis

In her motion to expedite entry of default against defendants Experian and Transunion [DE-17], plaintiff represents that "Experian was served on August 5, 2025, and the 21-day response deadline under Rule 12(a)(l)(A)(i) expired on August 26, 2025," and that "TransUnion

15

was served on August 6, 2025, and its 21-day response deadline expires on August 27, 2025." [DE-17].

In her renewed motion for entry of default [DE-27], plaintiff claims that "[s]ummonses were issued on August 28, 2025, and mailed to all three entities with confirmed delivery to their CT Corporation agents by September 3, 2025." [DE-27]. Plaintiff alleges that "TransUnion and Experian have not filed any formal Answer or 12(b)(6) motion, nor have they sought extensions," and "[t]heir failure to respond within the timeframe permitted under Rule 12(a)(l)(A)(i) qualifies as default." [DE-27] at 1. Plaintiff further argues that "Equifax submitted a Notice of Appearance and a procedurally deficient financial disclosure, followed by motion practice contesting technicalities," but "Equifax has also failed to file an Answer or move under Rule 12 violating basic procedural obligations." *Id.*

As an initial matter, Equifax did timely file a Rule 12(b) motion.[5] *See* [DE-12]. A party may file a Rule 12(b) motion before filing any responsive pleading. *See* Fed. R. Civ. P. 12(b). If a defendant files a 12(b) motion, the time for the defendant to file a responsive pleading, if one is still necessary, is generally postponed until 14 days after the "court denies the motion or postpones its disposition until trial." Fed. R. Civ. P. 12(a)(4)(A). Yet here, as the undersigned has recommended that Equifax's motion to dismiss be denied as moot without prejudice, Equifax will have an additional opportunity to answer or file another Rule 12(b) motion if plaintiff files an amended complaint as recommended herein.

---

[5] Normally, a defendant must respond with an answer or 12(b) motion "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Yet as plaintiff has not shown that Equifax was ever properly served, for the reasons discussed herein, Equifax's motion to dismiss was not untimely. For the avoidance of doubt, a party may file a 12(b) motion prior to receiving proper service, as evidenced by the Federal Rules of Civil Procedure allowing motions to dismiss for insufficient process (*see* Fed. R. Civ. P. 12(b)(4)) and insufficient service of process (*see* Fed. R. Civ. P. 12(b)(5)).

16

The clerk of court issued the summonses in this case on August 28, 2025. *See* [DE-15]. Plaintiff has not filed a server's affidavit subsequent to the issuance of summonses by the clerk of court. *See generally* Docket, *Baines v. Equifax, Inc. et al*, 5:25-CV-454-BO-BM (E.D.N.C.). Rule 4 of the Federal Rules of Civil Procedure requires a party to provide proof of valid service to the court. *See* Fed. R. Civ. P. 4(l)(1).

Additionally, plaintiff was prohibited by the Federal Rules of Civil Procedure and case law of this court from "personally placing the summons and complaint in the mail." *See Locust*, No. 4:17-CV-110-D, 2017 U.S. Dist. LEXIS 193091, at *2 (E.D.N.C. Nov. 21, 2017). Yet in each of her certificates of service relating to this case, plaintiff indicates that she personally mailed the summons or other filings to defendants. *See, e.g.*, [DE-6] at 3-11; [DE-19-7]; [DE-27-3]; [DE-36]. Accordingly, even if plaintiff had filed a certificate of service documenting that she mailed the clerk-issued summonses to defendants, she would still not have shown that she effected valid service on defendants.

"In light of the foregoing, where service of process has not been effected properly against any named defendant," the undersigned RECOMMENDS that the court DENY plaintiff's motion to expedite entry of default [DE-17] and DENY plaintiff's renewed motion for entry of default. *Hinson-Gribble*, 2018 WL 4016302, at *3 (citing *Scott v. D.C.*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009)).

### III. <u>CONCLUSION</u>

For the reasons stated above, regarding the non-dispositive motions pending before the court, the undersigned ORDERS as follows:

1.      Plaintiff's motion to expedite [DE-4] is DENIED AS MOOT;

17

2.  plaintiff's motion for expedited ruling [DE-22] is DENIED AS MOOT; and

3.  plaintiff's motion for leave to file surreply [DE-21] is GRANTED.

Also for the reasons stated above, it is RECOMMENDED that the court enter an order as follows:

1.  Equifax's motion to dismiss plaintiff's complaint, or in the alternative motion for more definite statement [DE-12] is DENIED AS MOOT WITHOUT PREJUDICE.

2.  Plaintiff is granted leave to file a consolidated amended complaint providing a short and plain statement of all her claims, supported by simple, concise, and direct allegations.

    a.  Plaintiff shall have 14 days from the date of entry of the court's order within which to file an amended complaint;

    b.  The court will consider such amended complaint to supersede all previous complaints, notices, or other filings that plaintiff may have intended to represent amended complaints, supplements to her complaint, or motions to amend her complaint; and

    c.  If plaintiff fails to file an amended complaint within 14 days from the date of entry of the court's order, the clerk of court is ordered to DISMISS the complaint WITH PREJUDICE.

3.  Plaintiff's motion to expedite entry of default [DE-17] is DENIED.

4.  Plaintiff's renewed motion for entry of default [DE-27] is DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel.  Each party shall have until **March 11, 2026**, to

18

file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by the **earlier of 14 days from the filing of the objections or March 18, 2026**.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 1st day of March, 2026.

_____
Brian S. Meyers
United States Magistrate Judge

19