IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-454-BO-BM

| | | |
|---|---|---|
| BRITTANY MONET BAINES,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION,<br><br>Defendants. | ) | **ORDER and MEMORANDUM AND RECOMMENDATION** |

This matter is before the court on the motion (Trans Union's "motion to dismiss") by defendant Trans Union, LLC ("Trans Union") to dismiss [DE-30] the complaint of plaintiff Brittany Monet Baines ("plaintiff"), or in the alternative joining Equifax Information Services LLC's ("Equifax's") 12(b)(6) motion. Trans Union filed a memorandum in support of its motion to dismiss. [DE-31]. Also before the court are the following of plaintiff's motions: (i) motion to clarify status, request final ruling without hearing, waive discovery, and assert rights to timely judicial relief [DE-24] ("motion to clarify"); and (ii) motion to strike motion to dismiss [DE-36] ("motion to strike"). These matters were referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A).

For the reasons stated below, (i) plaintiff's motion to clarify [DE-24] is GRANTED IN PART and DENIED IN PART; and (ii) plaintiff's motion to strike [DE-36] is DENIED.

Also for the reasons stated below, the undersigned RECOMMENDS that Trans Union's motion to dismiss [DE-30] be DENIED AS MOOT WITHOUT PREJUDICE.

## RELEVANT PROCEDURAL BACKGROUND

On July 29, 2025, plaintiff, proceeding *pro se*, filed a motion for leave to proceed *in forma*

*pauperis* [DE-2], together with a complaint [DE-1] against defendants Equifax, Experian Information Solutions, Inc. ("Experian"), and Trans Union (collectively with Equifax and Experian, the "defendants") asserting various claims under the FCRA. On August 5, 2025, plaintiff filed a Notice of Service [DE-6], that included (i) a purportedly executed proof of service form AO 440 for each defendant (*id.* at 3, 6, 9), representing that plaintiff personally mailed a summons to each defendant, and (ii) a copy of the priority mail labels for each defendant (*id.* at 4-5, 7-8, 10-11).

On August 8, 2025, the court denied plaintiff's application to proceed without prepayment [DE-9] and stated "[p]laintiff may tender to the clerk the filing fee of $405.00 not later than September 8, 2025." *See* [DE-9] at 2. On August 25, 2025, Equifax filed a motion to dismiss for failure to state a claim or, in the alternative, motion for more definite statement ("Equifax's first motion to dismiss") [DE-12]. On August 28, 2025, plaintiff paid the $405.00 filing fee in this matter. *See* public docket entry dated August 28, 2025. Also on August 28, 2025, the clerk of court issued summonses in this matter as to all defendants. [DE-15]. On September 25, 2025, plaintiff filed the instant motion to clarify [DE-24]. On October 13, 2025, Marc F. Kirkland entered a Notice of Appearance on behalf of Trans Union [DE-29], and Trans Union filed the instant motion to dismiss and supporting memorandum [DE-30, DE-31]. On October 30, 2025, plaintiff filed a motion to strike motion to dismiss [DE-36].

On March 1, 2026, the undersigned issued an order and memorandum and recommendation, which recommended, *inter alia*, that Equifax's first motion to dismiss [DE-12] be denied as moot without prejudice and that plaintiff be granted leave to file a consolidated amended complaint. [DE-37] at 18. On March 17, 2026, the court adopted this recommendation

in full, denying Equifax's first motion to dismiss [DE-12] as moot without prejudice and permitting plaintiff leave to file a consolidated, amended complaint within 14 days of entry of the court's order. [DE-38] at 2.

On March 31, 2026, plaintiff filed an amended complaint against Equifax, Experian and Trans Union. [DE-39]. On April 14, 2026, Equifax filed a motion to dismiss plaintiff's amended complaint for failure to state a claim ("Equifax's second motion to dismiss"). [DE-41]. On April 22, 2026, plaintiff filed a response in opposition to Equifax's second motion to dismiss. [DE-44]. Also on April 22, 2026, plaintiff filed an affidavit of service, wherein Jordan M. Baines certified that he is "over 18 and not a party to this case" and that on March 26, 2026, he served the updated summons and amended complaint on defendants, Equifax, Experian and Trans Union by certified mail with return receipt. [DE-45] at 1. On May 1, 2026, Trans Union filed a notice of joinder in Equifax's second motion to dismiss. [DE-47]. On May 6, 2026, Equifax filed a reply in support of its second motion to dismiss. [DE-49]. On May 7, 2026, plaintiff submitted a filing ostensibly representing both a second response in opposition to Equifax's second motion to dismiss and a response in opposition to Trans Union's joinder in Equifax's second motion to dismiss. [DE-50]. On May 11, 2026, plaintiff filed a motion for leave to file a surreply to Equifax's second motion to dismiss ("motion for leave to file surreply").[1] [DE-51].

**<u>ORDER ON PLAINTIFF'S MOTION TO CLARIFY [DE-24]</u>**

Plaintiff filed her motion to clarify "pursuant to Federal Rules of Civil Procedure 1, 8(b)(6), 12(a), 55(a)-(b) and Local Rule 7.1(f)." [DE-24] at 1. Plaintiff seeks "to clarify the procedural status of the docket and request immediate judicial action regarding [d]efendants Experian and

[1] The court will address Equifax's second motion to dismiss [DE-41] and plaintiff's motion for leave to file surreply [DE-51] by separate memorandum and recommendation and/or order.

Trans Union, who remain in procedural default without having filed any Answer, Motion to Dismiss, or other responsive pleading now well beyond the 21-day deadline following service." *Id.* Plaintiff requests that the court enter default against Experian and Trans Union or "provide written explanation within 7 days for the failure to act on [DE-17] and take corrective action" and "[r]einforce that [d]efendants have waived all defenses and factual denials by failing to appear, under Rule 8(b)(6)." [DE-24] at 3.

To the extent that plaintiff has questions about the current procedural posture of this case, the answer to many of plaintiff's queries can be found in the Federal Rules of Civil Procedure and the Local Civil Rules. At the same time, while "[a] district court is not required to act as an advocate for a *pro se* litigant," the district court may "advise [a *pro se* litigant] how to proceed and direct or permit amendment of the pleadings to bring [the necessary parties] before the court." *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Accordingly, the court will GRANT plaintiff's motion to clarify [DE-24] IN PART to the extent that it will address the issues raised in plaintiff's motion.

Plaintiff notes that she allegedly served Experian on August 5, 2025, and Trans Union on August 6, 2025, and yet neither party had responded by the time she filed her motion. [DE-24] at 2. Plaintiff argues that "both have failed to respond in any manner, and thus are in procedural default." *Id.*

Under Rule 4, the summons must be issued to plaintiff for service by the clerk of court bearing the clerk's signature and seal. Fed. R. Civ. P. 4(a)(1)(F)-(G), (b); *see also Guess v. Daniel Coble As Richland Cnty. Cir. Court*, No. 3:24-68-MGL-PJG, 2024 U.S. Dist. LEXIS 152864, at *4 (D.S.C. July 11, 2024) (finding that plaintiff failed to show that he served defendants where

"Guess shows that he sent a copy of the Complaint by certified mail to each defendant, but he did so prior to the Clerk of Court's issuance of the summons."); *see also* [DE-37] at 14. As noted above, the clerk of court issued summonses in this matter as to all defendants on August 28, 2025. [DE-15].

Plaintiff could not have served any defendant with a valid summons on August 5, 2025, or August 6, 2025, because the clerk of court had not issued the summonses at that time. *See* [DE-15]. Accordingly, any argument that a defendant defaulted premised on such defective service would also fail. *See Henderson v. L.A. Cnty.*, No. 5:13-CV-635-FL, 2013 U.S. Dist. LEXIS 170928, at *2-3 (E.D.N.C. Dec. 3, 2013) ("It is 'axiomatic,' however, that effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant.") (citing *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996)).

Accordingly, plaintiff's motion to clarify [DE-24] is DENIED IN PART to the extent that plaintiff seeks any relief based on allegations that Experian or Trans Union are in default.

## **ORDER ON PLAINTIFF'S MOTION TO STRIKE [DE-36] and MEMORANDUM AND RECOMMENDATION ON TRANS UNION'S MOTION TO DISMISS [DE-30]**

As Trans Union's motion to dismiss [DE-30] and plaintiff's motion to strike [DE-36] relate in large part to the same subject matter, the undersigned will consider them together.

Trans Union seeks to dismiss plaintiff's complaint [DE-1] pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and in the alternate to join in Equifax's first motion to dismiss [DE-12]. [DE-30] at 1. In its supporting memorandum, Trans Union also indicates that it is seeking relief under Rule 12(b)(2). [DE-31] at 1. Plaintiff filed her motion to strike Trans

Union's motion to dismiss, for "failure to comply with the time limits for responsive pleadings under Rule 12(a)." [DE-36] at 1. Prior to filing her motion to strike, plaintiff filed a "notice of readiness for entry of default against defendants Trans Union LLC and Experian Information Solutions, Inc.[,]" [DE-34], which is largely redundant with the procedural allegations and arguments made in plaintiff's motion to strike. Plaintiff did not otherwise file a response in opposition to Trans Union's motion to dismiss [DE-30].

**A. Applicable law**

**1. Rule 12(b)(5)**

"[A] motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of 'service' of process." *Torres v. Duke Energy*, No. 5:22-CV-369-D, 2023 WL 2145500, at *2 (E.D.N.C. Feb. 21, 2023) (first citing Fed. R. Civ. P. 12(b)(5); then citing *Lee v. City of Fayetteville*, No. 5:15 CV-638-FL, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016)). In other words, a Rule 12(b)(5) motion to dismiss objects to "the mode of delivery, the lack of delivery, or the timeliness of delivery." *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (4th ed. 2024). "A typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (*e.g.*, a party), to a person or entity incapable of receiving service (*e.g.*, a minor), or that the service was delivered in an improper way (*e.g.*, via first-class mail [within the United States])." *Brinson v. Fred Smith Co.*, No. 5:22-CV-197-D, 2023 WL 2614539, at *3 (E.D.N.C. Mar. 23, 2023) (citing *Stokes v. JPMorgan Chase Bank*, *NA*, No. JFM 8:11-cv-02620, 2012 WL 527600, at *5-6 (D. Md. Feb. 16, 2012)). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013) (citing *O'Meara v. Waters*, 464

F. Supp. 2d 474, 476 (D. Md. 2006)). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g.*, *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). Further, "dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction." *Boykin Anchor Co. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2011 WL 1456388, at *1 (E.D.N.C. Apr. 14, 2011) (quoting *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006)) (declining to address an argument for failure to state a claim under Rule 12(b)(6) when the court first determines that personal jurisdiction is not proper).

**2. Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim entitling [them] to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id*.; *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) (quoting *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015)) ("[I]t is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint."), *as amended on reh'g in part* (Oct. 29, 2015).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (noting that the court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards*, 178 F.3d at 244. Yet bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 680-81.

Complaints filed by *pro se* plaintiffs are entitled to liberal construction. *Kerr v. Marshall Univ. Bd. of Governors,* 824 F.3d 62, 72 (4th Cir. 2016) ("We are mindful of our obligation to liberally construe a pro se complaint."); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989) ("Pro se complaints are to be read liberally").

## B. Analysis

In support of its motion to dismiss, Trans Union argues that:

> A. Plaintiff has not served Trans Union with a summons in this action or requested a waiver of service, and
>
> B. If the Court deems Trans Union as properly served, Trans Union joins Equifax's motion [i.e., Equifax's first motion to dismiss [DE-12]], as the parties are similarly situated and [p]laintiff has not alleged a specific inaccuracy in [T]rans [U]nion's reporting to a third party, as required for a *prima facie* FCRA case.

[DE-31] at 1.

Trans Union contends that in light of the insufficient service of process, the "[c]ourt has not achieved personal jurisdiction over Trans Union" and "Trans Union makes a special appearance in this action to file a motion under 12(b)(2) and (5), to dismiss [p]laintiff's [c]omplaint and subsequent motions for default against Trans Union." *Id.* at 2.

In her motion to strike, plaintiff argues that the court should strike defendant's motion to dismiss because Trans Union did not respond within 21 days after allegedly receiving a summons and complaint by priority mail on September 3, 2025. [DE-36] at 1 (citing [DE-26-1]). Plaintiff asserts that she has been prejudiced by Trans Union's delay. *Id.*

As an initial matter, a motion to strike is not the proper filing to oppose a motion to dismiss. *See United States ex rel. Jefferson v. Roche Holding AG*, 489 F.Supp.3d 418, 426 (D. Md. 2020) ("A motion to dismiss is not a pleading . . . Rule 12(f) does not permit the Court to strike [the defendant's] Motion to Dismiss or the exhibits attached thereto.") (first citing *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993)), (then citing *McCormick v. Hous. Auth. of Balt. City*, No. SAG-19-2415, 2020 WL 4003169, at *1 (D. Md. July 15, 2020)); *see also Riviera v. City of Chesapeake*, No. 4:22-cv-027, 2023 WL 3571930, at *5 (E.D. Va. May 19, 2023) ("Rule 7(a)

does not include motions, briefs, and accompanying affidavits.") (citing *Int'l Longshoremen's Ass'n, S.S. Clerks Loc. 1624 v. Virginia Int'l Terminals*, 904 F.Supp.500, 504 (E.D. Va. 1995)).

Accordingly, plaintiff's motion to strike [DE-36] is DENIED as procedurally improper.

Rule 4 of the Federal Rules of Civil Procedure provides the requirements for a party to effect proper service. *See* Fed. R. Civ. P. 4. Under Rule 4, the summons must be issued to plaintiff for service by the clerk of court bearing the clerk's signature and seal. Fed. R. Civ. P. 4(a)(1)(F)-(G), (b); *Guess*, No. 3:24-68-MGL-PJG, 2024 U.S. Dist. LEXIS 152864, at *4.

The Federal Rules of Civil Procedure provide that service must be effectuated by "a person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2) (emphasis added). This court has repeatedly found that the prohibition on a party personally effectuating service prevents a plaintiff from "personally placing the summons and complaint in the mail." *See Locust v. Stroud*, No. 4:17-CV-110-D, 2017 U.S. Dist. LEXIS 193091, at *2 (E.D.N.C. Nov. 21, 2017); *Reliastar Life Ins. Co. v. Laschkewitsch*, No. 5:13-CV-210-BO, 2014 U.S. Dist. LEXIS 51214, at *6 (E.D.N.C. Apr. 13, 2014) ("[A] plaintiff . . . may not effectuate service by sending a copy of the summons and complaint through certified mail.") (citation omitted); *Kelley v. Enviva*, *LP*, No. 7:13-CV-197-BO, 2014 U.S. Dist. LEXIS 44600, at *3-4 (E.D.N.C. Mar. 31, 2014) (same quote as *Reliastar*); *see also Mixon v. Page*, No. 3:23-CV-00180-FDW-SCR, 2023 U.S. Dist. LEXIS 111783, at *5 (W.D.N.C. June 27, 2023) ("Thus, a plaintiff—even one proceeding *pro se*—may not effectuate service herself by sending a copy of the summons and complaint through certified mail.") (quoting *Ospina Baraya v. Ospina Baraya*, No. 3:21-CV-00640-FDW-DSC, 2022 U.S. Dist. LEXIS 138507, 2022 WL 3129590 (W.D.N.C. Aug. 4, 2022)).

"Unless service is waived, proof of service must be made to the court," and "[e]xcept for

service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). A server's "affidavit" requires "that the person accomplishing service must be under oath or affirmation." *Sutton v. Equity Res. Inc.*, No. 1:22-CV-905, 2023 LX 168053, at *3 (M.D.N.C. Mar. 8, 2023) (citing Fed. R. Civ. P. 4(l)(1)); *United States v. McLaren*, Civil Action No. 3:20-cv-2714-CMC-PJG, 2021 U.S. Dist. LEXIS 221027, at *4 (D.S.C. Nov. 16, 2021) ("An Affidavit is '[a] voluntary declaration of facts written down and sworn to by a declarant, [usually] before an officer authorized to administer oaths.'") (alteration in original) (quoting Black's Law Dictionary 70 (11th ed. 2019)). In addition, "a signed, dated, but unsworn Declaration executed within the United States may be considered as evidence for summary judgment purposes in lieu of an affidavit . . . if the declarant subscribes to the statements contained therein '. . . under penalty of perjury . . . the foregoing is true and correct.'" *McLaren*, Civil Action No. 3:20-cv-2714-CMC-PJG, 2021 U.S. Dist. LEXIS 221027, at *4 (D.S.C. Nov. 16, 2021) (quoting 28 U.S.C. § 1746(2)).

At the time Trans Union filed its motion to dismiss [DE-30], plaintiff had not yet filed the server's affidavit, which appears at docket entry [DE-45]. Accordingly, many of the factual representations supporting Trans Union's motion to dismiss have been superseded by intervening events. Trans Union alternatively provides that "if the court deems Trans Union as properly served, Trans Union joins Equifax's motion [("Equifax's first motion to dismiss") [DE-12]], as the parties are similarly situated and plaintiff has not alleged an inaccuracy in Trans Union's reporting to a third party, as required for a prima facie FCRA case." [DE-31] at 5. On March 17, 2026, the court denied Equifax's first motion to dismiss as moot without prejudice, allowing plaintiff to file an amended complaint. [DE-38] at 2. Additionally, on May 1, 2026, Trans Union filed a notice of joinder in Equifax's second motion to dismiss. [DE-47] at 1. Accordingly, Trans

Union's motion to dismiss [DE-30] is now moot. The undersigned RECOMMENDS that Trans Union's motion to dismiss [DE-30] be DENIED AS MOOT WITHOUT PREJUDICE.

## III. CONCLUSION

For the reasons stated above, regarding the non-dispositive motions pending before the court, the undersigned ORDERS as follows:

1. Plaintiff's motion to clarify [DE-24] is GRANTED IN PART and DENIED IN PART; and
2. plaintiff's motion to strike [DE-36] is DENIED.

Also for the reasons stated above, the undersigned RECOMMENDS that the court DENY Trans Union's motion to dismiss [DE-30] AS MOOT WITHOUT PREJUDICE.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until **September 18, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by the **earlier of 7 days from the filing of the objections or September 23, 2026**.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum**

**and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 11th day of September, 2026.

Brian S. Meyers
United States Magistrate Judge